CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 16 2020

JULIA C. DUDLEY, CLERK
BY: /s/ Signature
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| THOMAS BAKER, | ) |
|     Plaintiff, | ) Civil Action No. 3:19CV00048 |
| v. | ) **MEMORANDUM OPINION** |
| NRA GROUP, LLC, et al., | ) By: Hon. Glen E. Conrad |
|     Defendants. | ) Senior United States District Judge |

In this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, Thomas Baker asserts a supplemental state law claim of negligence per se against Charlottesville Radiology, Ltd. ("Charlottesville Radiology") and MBMS, LLC ("MBMS," and collectively with Charlottesville Radiology, the "Moving Defendants"). Charlottesville Radiology and MBMS have moved to dismiss the claim against them under Federal Rule of Civil Procedure 12(b)(6). The court held a hearing on the motions on February 6, 2020. For the reasons set forth below, the court will grant the motions to dismiss.

## Background

The following factual allegations, taken from the amended complaint, are accepted as true for purposes of the pending motions. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

On August 12, 2017, Baker was physically injured during the "Unite the Right" rally in Charlottesville, Virginia. Am. Compl. ¶ 1, ECF No. 6. Baker was taken to a local hospital for medical treatment. Id. ¶ 13. Charlottesville Radiology was one of the healthcare providers that

treated Baker for his injuries. Id. ¶ 17. The treatment provided by Charlottesville Radiology included an MRI scan of Baker's hip. Id. ¶ 18.

On August 18, 2017, Baker filed a claim with the Virginia Victims Fund ("VVF"). Id. ¶ 20. The VVF was established under the Virginia Compensating Victims of Crime Act ("Compensating Victims Act"), Va. Code § 19.2-368.1, et seq. Id. The VVF assists crime victims with out-of-pocket expenses such as medical bills. Id. ¶ 1.

On January 5, 2018, the VVF notified Charlottesville Radiology that Baker had filed a claim with the fund. Id. ¶¶ 22–23 & Am. Compl. Ex. 1, ECF No. 6-1. The written notice was sent to a post office box in State College, Pennsylvania maintained by Charlottesville Radiology's billing company, MBMS. Am. Compl. Ex. 1. The notice provided, in pertinent part, as follows:

> This is to notify you that the above-named claimant has filed a claim with the Virginia Victims Fund (VVF). **Per section § 19.2-368.5:2 of the Code of Virginia, patients with a pending VVF claim shall not be pursued by any collection efforts from health care providers.** This does not mean that the patient cannot be billed. It only means that you cannot put the account in collections or go beyond normal billing measures until a decision is made on this patient's VVF claim. Any accounts pertaining to this patient's crime-related treatment that have already been turned over to collections should be pulled out immediately.

Id.

Nearly five months later, on June 4, 2018, MBMS sent Baker a statement on behalf of Charlottesville Radiology. Am. Compl. Ex. 2, ECF No. 6-2. The statement showed an unpaid balance of $65.27. It indicated that Baker must contact the number provided or send immediate payment "to avoid further collection efforts." Id.

After receiving no payment from Baker, MBMS referred his account to NRA Group, LLC ("NRA Group") for collection efforts. Am. Compl. ¶ 48. On August 20, 2018, NRA

2

Group sent Baker a debt collection notice indicating that he owed Charlottesville Radiology $65.27, and that his account had been forwarded to NRA Group for collection. Am. Compl. Ex. 3, ECF No. 6-3.

On September 5, 2018, Baker discovered that he had missed a telephone call from NRA Group. Am. Compl. ¶¶ 50–55. Baker called the telephone number and spoke with a collection agent. Id. ¶¶ 56–57. Baker informed the collection agent that NRA Group could not pursue collection efforts against an individual who had an open claim with the VVF. Id. ¶ 61. The agent told Baker that he was unaware of the Virginia law to which Baker referred. Id. ¶ 62. Baker then spoke with someone who claimed to be a manager. Id. ¶ 66. The manager did not believe Baker and ultimately hung up on him. Id. ¶¶ 70, 77.

On September 24, 2018, Baker sent NRA Group a letter disputing the validity of the debt allegedly owed to Charlottesville Radiology. Am. Compl. Ex. 4, ECF No. 4. In the letter, Baker emphasized that billing for the radiology services should have gone through the VVF, since he was a victim of a crime. Id. Baker directed NRA Group to stop contacting him. Id. On October 18, 2018, NRA Group sent Baker another letter attempting to collect the alleged debt. Am. Compl. Ex. 5, ECF No. 6-5.

### Procedural History

Baker commenced this action on August 23, 2019. On October 24, 2019, Baker filed an amended complaint against Charlottesville Radiology, MBMS, and NRA Group. In Counts I through IV, Baker claims that NRA Group violated various provisions of the FDCPA.[1] In Count V, Baker asserts a claim of negligence per se against Charlottesville Radiology and MBMS.

---

[1] Baker initially sought to hold MBMS responsible for alleged violations of the FDCPA. However, on December 9, 2019, Baker voluntarily dismissed the FDCPA claims against MBMS.

3

Charlottesville Radiology and MBMS have moved to dismiss the claim of negligence per se under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion has been fully briefed and argued, and is now ripe for disposition.

### Standard of Review

Rule 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. When deciding a motion to dismiss under this rule, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiff's favor. Erickson, 551 U.S. at 94. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face,'" meaning that it must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

### Discussion

Baker seeks relief from the Moving Defendants on the basis of their alleged failure to comply with the Compensating Victims Act. The Act provides that "[w]henever a person files a claim [with the VVF], all health care providers . . . that have been given notice of a pending claim . . . shall refrain from all debt collection activities relating to medical treatment received by the person in connection with such claim until an award is made on the claim or until a claim is determined to be noncompensable . . . ." Va. Code § 19.2-368.5:2. Baker maintains that the

Moving Defendants' "failure to adhere to the statutory requirement prohibiting pursuit of collection efforts . . . while his VVF claim was pending" supports a claim of negligence per se under Virginia common law.[2] Am. Compl. ¶ 113. For the following reasons, the court is unpersuaded.

The Supreme Court of Virginia has made clear that "the violation of a statute does not, by that very fact alone, constitute actionable negligence or make the guilty party negligent per se." Williamson v. Old Brogue, Inc., 350 S.E.2d 621, 624 (Va. 1986). "The reason is that under Virginia law the doctrine [of negligence per se] applies only where there is a common-law cause of action. The doctrine . . . does not create a cause of action where one did not exist at common law." Parker v. Carilion Clinic, 819 S.E.2d 809, 824 (Va. 2018) (citation and emphasis omitted). Stated differently, "the negligence per se 'doctrine does not create a duty of care' but 'merely sets a standard of care by which the defendant may be judged in the common-law action,' and thus, '[t]he absence of an underlying common-law duty renders the presence of a statutory standard of care irrelevant.'" A.H. ex rel. C.H. v. Church of God in Christ, Inc., 831 S.E.2d 460, 475 (Va. 2019) (quoting Parker, 819 S.E.2d at 824).

In this case, the amended complaint does not allege that the Moving Defendants had a common-law duty to refrain from pursuing debt collection activities against a crime victim. Instead, the amended complaint appears to rely on the Compensating Victims Act as both creating the duty and setting the standard of care. See Am. Compl. ¶¶ 110–115. As indicated above, the Supreme Court of Virginia has "expressly rejected the proposition 'that a statute setting a standard of care also creates the duty of care.'" Church of God in Christ, 831 S.E.2d at 475 (quoting Parker, 819 S.E.2d at 825). "Without a common-law antecedent" to the alleged

---

[2] Baker acknowledges that the Compensating Victims Act does not create a private statutory cause of action. See Pl.'s Br. Opp'n 6, ECF No. 19 ("Mr. Baker is not asserting that the VVF created a statutory cause of action. The Amended Complaint asserts a negligence per se action.").

5

duty at issue, Baker's negligence per se claim against Charlottesville Radiology and MBMS cannot survive a motion to dismiss. Id.

In response to the pending motions, Baker argues that the "duty of care towards a crime victim . . . encompasses more than just medical treatment of his injuries but also the overall context in which that treatment is provided to him," including "[c]ollection efforts to receive payment for such treatment." Pl.'s Br. Opp'n 7, ECF No. 19. This argument, however, finds no support in Virginia law. Baker does not cite, and the court is unable to find, any authority suggesting that a healthcare provider owes a duty to a patient to refrain from collecting a medical debt if the patient is a crime victim. Nor does Baker provide any legal support for the assertion, made at oral argument, that all debt collectors owe a duty of care under the common law. The court agrees with the Moving Defendants that the absence of a recognized duty under Virginia common law is fatal to Baker's claim of negligence per se. See Parker, 819 S.E.2d at 825–26 ("Parker's negligence per se argument based on [the Health Insurance Portability and Accountability Act ("HIPPA")] finds no support in Virginia law. None of our precedents has ever imposed a tort duty on a healthcare provider to manage its confidential information systems so as to deter employees from willfully gaining unauthorized access to confidential medical information . . . . The absence of a tort duty under Virginia law renders irrelevant the standard of care under HIPPA.").

The court is also unpersuaded by Baker's argument that the Moving Defendants "assumed a duty of care towards him." Pl.'s Br. Opp'n 7. "To establish a claim of negligence based on assumption of duty, a plaintiff must show that the defendant 'expressly communicat[ed] his intention [to undertake this duty].'" Doe v. Cong. Sch., Inc., 102 Va. Cir. 354, 360 (Va. Cir. Ct. 2019) (alterations in original) (quoting Terry v. Irish Fleet, Inc., 818 S.E.2d 788, 792 (Va.

2018)). "Thus, without an agreement, promise, or expressed intent to undertake a certain duty, the law cannot recognize an assumption of duty." Id.; see also Church of God in Christ, 831 S.E.2d at 471–72 ("An assumed duty to protect cannot be predicated solely upon an uncommunicated implied undertaking . . . . Instead, there must be a clear expression of intent by a defendant to take on a legal duty to protect a plaintiff who is justifiably relying upon that clearly expressed intent.") (internal quotation marks and citation omitted).

For instance, in Kellermann v. McDonough, 684 S.E.2d 786 (Va. 2009), on which Baker relies, the Supreme Court of Virginia held that the plaintiff's complaint adequately pled that the defendant wife expressly undertook a duty to protect a teenaged houseguest from harm by a third party when she "agreed" with the teenager's parents that their child would "not be driven by any inexperienced drivers" and would "not . . . be in a car with any young, male drivers." 684 S.E.2d at 791–792 (internal quotation marks omitted). On the other hand, the Court held that the plaintiff failed to adequately plead a cause of action based upon assumption of duty against the defendant husband since the complaint indicated that the defendant husband "was not present when [his wife] assumed the duty to exercise reasonable care to prevent [the teenager] from riding in cars driven by inexperienced drivers or young male drivers," and the complaint contained no other allegations indicating that the defendant husband agreed to undertake such duty. Id. at 792. Similarly, in Davies v. Virginia CVS Pharmacy, LLC, 150 F. Supp. 3d 662 (W.D. Va. 2014) (Conrad, J.), this court held that the plaintiff failed to state "a plausible claim that CVS assumed a duty" to gratuitously fill a prescription since the complaint did not "allege that CVS told the plaintiff—or anyone—that it would provide the medication for free." 150 F. Supp. 3d at 666.

The allegations in this case are equally insufficient to support the existence of an assumed duty on the part of the Moving Defendants. Baker does not allege that either of the Moving Defendants agreed or promised to refrain from engaging in collection efforts while his VVF claim was pending. Without allegations establishing such a "clearly expressed intent" on the part of the Moving Defendants, Baker is unable to plead a plausible claim of negligence per se based on the theory of assumption of duty. Church of God in Christ, 831 S.E.2d at 472.

Finally, the court declines any implied invitation to create or recognize a new duty giving rise to a cause of action for negligence per se under Virginia law. Regardless of the appeal that Baker's argument may have, he is "presenting it to the wrong forum." Guy v. Travenol Labs., Inc., 812 F.2d 911, 915 (4th Cir. 1987). This court will not create or extend Virginia law to recognize a novel duty of care; "that is the bailiwick of [Virginia's] courts and legislature." Cooper Indus., Inc. v. Agway, Inc., 987 F. Supp. 92, 104 (N.D.N.Y. 1997).

## Conclusion

For the reasons stated, the court will grant the motions to dismiss filed by Charlottesville and MBMS.[3] The claim of negligence per se against the Moving Defendants will be dismissed without prejudice, and the case will proceed on the FDCPA claims against NRA Group.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 16th day of March, 2020.

_/s/ Glen Conrad_
Senior United States District Judge

---

[3] In light of the court's conclusion that Baker has not provided specific factual or legal support for the existence of a plausible duty of care owed by the Moving Defendants, the court need not address the alternative arguments raised in their motions to dismiss the claim of negligence per se.

8